FILED

06/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0113

DA 20-0113

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 159N

ROBERT L. ALLUM,

     Petitioner and Appellant,

  v.

MONTANA STATE FUND,

     Respondent and Appellee.

APPEAL FROM:    Montana Workers' Compensation Court, WCC No. 2019-4705
                Honorable David M. Sandler, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Robert L. Allum, Self-Represented, Belgrade, Montana

     For Appellee:

     Thomas E. Martello, Montana State Fund, Helena, Montana

Submitted on Briefs:  May 27, 2020

Decided:  June 16, 2020

Filed:

_____
               Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Representing himself, Robert Allum (Allum), appeals from the Workers' Compensation Court's (WCC) Findings of Fact, Conclusions of Law, and Judgment dated January 28, 2020, denying Allum entitlement to retroactive and ongoing temporary total disability (TTD) benefits, additional permanent partial disability (PPD) benefits, and a penalty. Allum, however, does not allege error regarding his TTD and PPD benefits or penalty; rather, Allum asserts the WCC violates Montana's Constitution.

¶3 Allum was advised numerous times by the WCC on the process for bringing a constitutional challenge. Allum refused to file a notice of constitutional challenge, and failed to set forth any statutes he asserts were unconstitutional. Allum also filed two writs of supervisory control to this Court and was similarly advised of the process for bringing a constitutional challenge. Allum never raised a constitutional challenge in the WCC. He now argues that this Court and the WCC lack subject matter jurisdiction because the WCC is unconstitutional.

¶4 This Court has consistently held that it will not consider issues raised for the first time on appeal. "In order to preserve a claim or objection for appeal, an appellant must

2

first raise that specific claim or objection in the [trial] court." *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38. Broad, general objections do not suffice; the objecting party has an obligation to clearly articulate the grounds for the objection so the trial court may address the issue first. "As a general rule, we do not consider an issue presented for the first time on appeal because it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *In re D.H.*, 2001 MT 200, ¶ 41, 306 Mont. 278, 33 P.3d 616. By failing to first raise the issue in the WCC, Allum has waived any consideration of the issue on appeal. We decline to address the constitutionality of the WCC under the guise of subject matter jurisdiction. The judgment of the WCC is affirmed.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR